IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| **BRIAN GRIFFIN** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| **PRINCE TELECOM, INC.** | ) ) | |
| Defendant. | ) ) ) | |

# COMPLAINT

## I. Introduction and Jurisdiction

1. This is a proceeding seeking legal, equitable and declaratory relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.,* and of the Civil Rights Act of 1866 and as amended in 1991, 42 U.S.C. § 1981and 1981a. Plaintiff believes and alleges that he has been deprived of equal employment opportunities and accommodations because of his race and color and due to his participation in protected activities.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343, this being a proceeding seeking to enforce rights and remedies secured by the Civil Rights Act, 42

U.S.C. § 1981a. Jurisdiction is also invoked pursuant to 28 U.S.C § U.S.C. §1331, and 28 U.S.C. § 1332.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being a proceeding seeking a declaratory judgment, declaring illegal the acts and practices of defendant complained of herein as violative of the rights secured to plaintiff by 42 U.S.C. §§2000e *et seq*. § 1981 and 1981a.

## II. Parties

4. Plaintiff is a black citizen of the United States domiciled in Mecklenburg County, North Carolina. He was employed by defendant as a Technician Installer assigned to install telephone equipment and lines at businesses in Charlotte and Mecklenburg County, North Carolina. Defendant employs more than 100 employees at its Charlotte facility, less than five percent of whom are black. Defendant has followed a pattern and practice of discrimination against black employees and applicants for employment. Defendant assigned black employees to lower paying jobs and at lower wages. Plaintiff complained about defendant's racially discriminatory practices and defendant further discriminated against plaintiff and retaliated against him because of his complaints about defendant's discriminatory practices.

5. Plaintiff applied for a number of positions with defendant he was qualified for and defendant hired persons not of the plaintiff's race or color with fewer qualifications for each position.

Additionally, defendant subjected the plaintiff to a racially hostile and threatening work environment. Defendant knew of and condoned the racially threatening practices and conduct of its employees who failed to take steps to prevent the practices.

2

6. Defendant is a Delaware corporation with is principal office and place of business in New Castle, Delaware. Defendant, however, is licensenced and authorized to do and is doing business in North Carolina and to sue and to be sued in its corporate name.

### III. Facts

7. Plaintiff was initially employed by defendant, Prince Telecom, Inc., in December 2003 as a Cable Installer. Pursuant to defendant's practice, he was assigned to jobs which paid less than the jobs to which comparable whites were assigned and he earned less than comparable white employees solely because of his race and color. During his employment, plaintiff tried to promote to better paying job positions. He was denied transfers and promotion because of his race and color.

8. Throughout his employment, plaintiff was subjected to a racially harassing and threatening environment. Plaintiff was subjected to racially discriminatory name calling and insults. Plaintiff complained with other minority employees about defendant's employment practices. Plaintiff was thereafter subjected to retaliation and eventually was dismissed because of his challenges of defendant's racial practices.

9. Plaintiff filed an EEOC charge on December 27, 2004, challenging the defendant's racial practices and refusal to place him in a higher paying position. The plaintiff alleged that the defendant's actions were based on his race and color and were in retaliation for the plaintiff's attempt to exercise his rights under Title VII of the Civil Rights Act of 1964 and of the Civil Rights Act of 1866.

10. Plaintiff received a Right to Sue Letter from EEOC and is initiating this proceeding within the time allowed by Title VII and the Civil Rights Act of 1866.

11. During all times relevant to this proceeding, defendant limited the employment opportunities of black employees while giving preference to and protecting its white employees and white applicants for employment. Defendant's practices as alleged herein are violative of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981a, and of the Civil Rights Action of 1964, 42 U.S.C. §§2000e *et seq*.

12. Defendant's actions and practices as set forth herein have been intentional and purposeful. Defendant has acted with reckless disregard for plaintiff's rights under the Federal Statutes set forth herein. Plaintiff has suffered greatly because of defendant's practices, including loss of earnings and mental anguish, harassment and humiliation, and other actual and compensatory damages.

13. Plaintiff sustained and is continuing to suffer substantial monetary and other losses.

14. Plaintiff hereby demands a trial by jury on all issues asserted herein

## IV.     Damages

15. Defendant's actions and practices have been intentional and purposeful. Defendant has acted with reckless disregard for plaintiff's rights under Title VII and the Civil Rights Act of 1866. Plaintiff has suffered greatly because of defendant's practices, including loss of earnings and mental harassment, humiliation, and other mental anguish.

## V.     Prayer for Relief

WHEREFORE, plaintiff prays that the Court advance this cause on the docket for trial, and after trial, that the Court:

a.     Declare that actions and conduct of defendant as described herein violate Plaintiff's rights under Title VII and of the Civil Rights Act of 1866, as amended;

b. Issue a decision and order enjoining the defendant, its agents, employees, successors, attorneys and those acting in concert or participation with defendant or at defendant's direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be discriminatory and in violation of Title VII and of the Civil Rights Act of 1866;

c. Award plaintiff compensatory damages, including damages for mental anguish, pain and suffering, deprivation of plaintiff's economic opportunities and interests, back and front pay, with cost of living adjustments, interests, and fringe benefits, including retirement benefits;

d. Award plaintiff such punitive damages to which he may be entitled;

e. Award plaintiff his costs and expenses, including reasonable attorney fees; and

f. Grant plaintiff such other and further relief as may be just and necessary to afford plaintiff complete relief.

This, the 11th day of September, 2006.

/s/Julius L. Chambers
(N.C. Bar No.: 769)
Ferguson Stein Chambers,
  Gresham & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
(704) 375-8461 – Telephone
(704) 334-5654
jchambers@fergusonstein.com

ATTORNEY FOR PLAINTIFF

5
Case 3:06-cv-00389-CH   Document 1   Filed 09/11/06   Page 5 of 5